Benjamin Flourney
(Name)

R.J. Donovan, 480 Alta Rd
(Address)

San Diego, CA, 92179
(City, State, Zip)

F25814
(CDCR / Booking / BOP No.)

**FILED**

Nov 12 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ JenniferS   DEPUTY

# United States District Court
## Southern District of California

Benjamin Flourney
(Enter full name of plaintiff in this action.)

Plaintiff,

v.

Doe's 1-15

(Enter full name of each defendant in this action.)

Defendant(s).

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below:

_____

## B. Parties

1. **Plaintiff:** This complaint alleges that the civil rights of Plaintiff, Benjamin Flourney (print Plaintiff's name), who presently resides at R.J. Donovan, 480 Alta Rd, San Diego, CA, 92179 (mailing address or place of confinement), were violated by the actions of the below named individuals. The actions were directed against Plaintiff at R.J. Donovan Prison 480 Alta Rd, San Diego CA (institution/place where violation occurred) on (dates) June 2020 - Jan 2021 (Count 1), _____ (Count 2), and _____ (Count 3).

§ 1983 SD Form
(Rev 8/15)

1

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant __Captain__ resides in __?__,
           (name)                                         (County of residence)
and is employed as a __Captain__. This defendant is sued in
                         (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: __Works as The Captain in Yard of Prison where I stay at and where The incidents Took place.__

Defendant _____ resides in _____,
           (name)                                         (County of residence)
and is employed as a _____. This defendant is sued in
                         (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: _____

Defendant _____ resides in _____,
           (name)                                         (County of residence)
and is employed as a _____. This defendant is sued in
                         (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: _____

Defendant _____ resides in _____,
           (name)                                         (County of residence)
and is employed as a _____. This defendant is sued in
                         (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: _____

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: _____
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

See Attached

## Procedural History

7-11-2020 – Petitioner filed a Letter To Warden (M. Pollard) at which he raised how his health & life was at risk due To Pandemic and officers Misconduct in not following all Rules implemented by C.D.C.R. And Federal Courts To Prevent a massive spread and put Inmates Life at Risk. The Rules Petitioner Complain about were The Same ones listed in (Exhibit A1 pg 2).

11-22-2020 – The Warden responded To Petitioners Letter, Warden stated That There was no Misconduct and That inmates lifes are not at risk because officers are following all procedures and protocols. see (Exhibit F on attrefferins To it's own Exhibit A).

Dec-12-2020 – I got Infected w/ Covid, see (Exhibit C)

Feb-8-2021 – I filed in Superior Court of County in San Diego, Habeas Corpus HSC-11840, I requested Immediate release.

March 3, 2021 – Superior Court Deny Petition (HSC-11840)

4

## Ground #1

Prison officials fail to protect me from Covid-19, in Violation of 8th U.S. Const Amendment (cruel & unusual punishment).

In the beginning of ~~December 2020~~ October 2020, ~~the~~ ½ Prison officials were not wearing Masks (N95) as how it was required, see Medical mandatory guidelines (Exhibit A-1 pg 2 Ln 4). Fail to enforce, and didn't tell Inmates to wear masks as how it suppose to (Exhibit A-1 pg 2 Ln 5). Fail to Enforce the 6 ft apart, see (Exhibit A-1 pg 2 Ln 7). Fail to do intensively cleaning such as door-knobs, Telephones, sink handles, see (Exhibit A-1 pg 2 Ln 10).

The beginnings of Dec 2020, ~~approximately~~ The first Covid-19 positives came out. Prison staff fail and refuse to send them out of the building 13. The Infected Inmates were left to walk to medication, etc. with other non-infected Inmates. The 2 officers who work from 7Am-2pm and other 2 officers who work from 2pm-10pm knew about it because I told them.(1) But None of them did anything.

By December ~~10~~ 12 Prison staff begin to Move Infected Inmates to Another Yard but by then the Virus had spread throughout Some Inmates in 13 Block where I lived.

December 15, 2020 - Prison staff who work in Building 13 as well as sergeant who work the morning and ~~evening~~ evening shifts refuse to Isolate or move to another Yard the infected Inmates.

~~Ever~~ Since December ~~2~~ 1st, 2020 through 12-25-2020 Prison staff stop coming to work in Building 13, and on the whole Yard. Deliberately allowing Covid-19 to spread.~~to~~ During these same dates the prison staff also fail to Enforce anything from what I wrote here in Ln 7-12. Throughout December 2020 they allowed Infected Inmates come out to walk the 1/8 of a mile to

(1) They were showing Covid-19 symptoms, Inmates like Arellano and his celly Steven.

5

1  pick up Their morning, noon, evening, night medication with The non-infected
2  Inmates. Infected and non-Infected Inmates were using same phones without any
3  desinfecting phones First. Officials were also allowing Infected Inmates To pass
4  The food Trays in The buildings To non-infected Inmates. Basically all The medical
5  guidelines That Prison officials knew They had To follow when dealing, Treating,
6  and working with Infected and non-infected Inmates were not Followed, see (Exh-
7  ibit B pg 8-10), (Exhibit B pg 12). Not following guidelines it allowed For 1,000
8  Inmates (Approximately in C-yard) be infected. I was also Infected.
9     Besides holding The officers who work on morning and evening Through out
10 Dec 1st-25 at fault I also held The Sergeant, Liutenant, Captain, Warden at
11 fault because I Talk To The Sergeants in charge of 13 buildings Through out
12 December. His response was That he Couldn't do nothing To fix The Problem. I
13 Address such issue To all of Them but Nothing got Fix.
14    All Prison officials mention here were deliberate Indifference To my health
15 (Farmer v. Brennan (1994) 511 U.S. 825, 824). Officials Knew I Faced a serious
16 substantial risk of harm but They disregarded The risk by failing To Take reaso-
17 nable measures To abate it, (Farmer, supra, 511 U.S at 847). Acting or Failing
18 To act with deliberate indifference To a substantial risk of serious harm To a
19 prisoner is The equivalent of recklessly disregarding That risk, see (Farmer,
20 supra, 511 U.S. 836)
21    "An Eighth Amendment claimant need not show a prison official acted or
22 failed To act believing That harm would actually befall an inmate; it is
23 enough That The official acted or failed To act despite his knowledge of a sub-
24 stantial risk of serious harm" (Farmer, supra 825). Additionally, if an 8th Ame-
25 ndment plaintiff presents evidence showing That a substantial risk of inmate
26 attacks was 'longstanding, pervasive, well documented, or expressly noted by
27 prison officials in The past, and The Circumstances suggest That The defendant
28 official had actual Knowledge of The risk To The information Concerning

1 the risk and thus "must have known" about it. Then such evidence could be
2 sufficient to permitt a Trier of fact To find that defendant-official had act-
3 ual knowledge of the risk (Farmer, Supra, 842). Deliberate Indifference may
4 be proven by circumstantial evidence and it may be inferred from "the
5 very fact that the risk was obvious, see (Farmer, supra 842).[1]
6     There's also have been other similar situated cases with infectious Diseases,
7 for Example: MRSA, such disease can be spread through indirect contact by
8 touching objects (Towels, sheets, clothes, sport equipment). Officials have been found
9 deliberate Indifference in handling MRSA under same circumstances as how it occ-
10 ured in my situation, see (Kimble v. Tennis 2006 WL 154950 (M.D. Pa 2006)
11 ("allegations that Prisoners with MRSA infection and open sores was released into
12 general population, sufficient to state claim of deliberate Indifference to health of
13 other inmate's"); (Gary v. Brewington 2007 WL 2579393 (D. SC 2007) ("stating claim
14 where plaintiff was confined in cell with a inmate with MRSA which led to his
15 contracting the infections").
16     In one unreported case, the Court ~~declined~~ declined to disturb a jury verdict
17 for Prisoners who contracted MRSA against jail officials, stating that, "there
18 was ample evidence that defendants knew of the spreading MRSA infection and
19 "failed to take necessary steps to minimize the number of inmates affected".
20 (Defendants failed to keep showers, and food handling areas in a sanitary condi-
21 tion, adequate medical treatment, and instruct inmates on prevention of infectious
22 diseases), see (Keller v. County of Bucks, 2005 WL 675831, *1 (E.D. Pa.
23 Mar. 22, 2005).
24
25     Based on the above I held all officers who work in the month of
26 December liable for me contracting the Covid-19 virus on 12-11-20, see
27 (Exhibit C). All officers who work the morning and evening shifts (Doe #1
28 To Doe 15) 15 officers who's name's will be disclose once am in discovery procee-

[1] Also see (Brown v. Williams (D Del 2005) 399 F. Supp 2d 558, 564).

7

dings. The damage I got from been infected is the following: (1) The first 30 days I couldn't sleep due to respiratory problems; fever chills that went back n forth; headaches; loss of smell and taste.

After 30 days and until now I was left with: Respiratory Problems, Migranes, Memory los; shortness of breath. And Nerve pain all over my body.

Covid-19 hit me hard because am in the Vulnerable people list due to me been over 60 yrs old. My Immune System is Weakened. Plus I have many underlying health problems(1). It's why I tried telling sergeants and officers the risk they were putting me on when they weren't following the rules... Not Isolating Inmates when they had the Covid-19 symptoms and were coming out positive was deliberate Indifference to my life and health. Base that the officers were a deliberate Indifference it's why I contracted the Covid-19. I severely suffered for 30 days and now I have permanent damage from Covid-19. Causes me pain and suffering Mental Anguish and stress. Especially because the shortness of breath or pain dont let me sleep, and creates Anxiety having to deal with this chronic symptoms(2)

Officers, sergeants, Liutenants, captain, warden all knew that they had to Isolate Inmates who show symptoms of Covid-19, Tested positive, or have close contact with known or suspected Covid-19 case, see (Exh-A1 ps 2 Ln 2-3). Officers sergeants, Liutenants, captains, and warden had personal knowledge of the first Inmate in our yard that came out positive on Dec 1st 2020. medical staff begin to test everyone and also documented those that show symptoms. Alot of Inmates were coming out positive. Even though Medical staff informed prison personell about the positive inmates, prison personell didnt do none of the Isolation requirement as how it suppose to by guidelines. For 30 days (December 2020) there was a mix of Inmates of Infected and none infected Inmates going out to Pill line; Using phones. There was no enforcement of distancing and Covid-19 Infected Inmates pass the Breakfast and dinner trays to non-infected Inmates with out gloves or masks.

(1) High Blood Pressure
(2) Priorly I didnt have such symptoms. Symptoms: Pain on throat; Eyes feeling like swollen; Right side chest with burning sensation, shortness of breath.

8

1. There was a outbreak through out December, 2020. All Inmates wrote grievances,
2. Letters, etc. To warden, captain, and Talk To Sergeants, Livtenants in the
3. program office but none of them fix the problem, we were ignored.
4.   In Discovery process, I will request a disclosure of all grievances, 7362's and
5. Correspondence sent to different High level officials, during month of
6. December. Also To Interview All Inmates who were housed in 13 buildings on
7. That Month. And You will see that what I wrote here is True and that all
8. Prison personell knew about the outbreak and didn't do anything to follow the
9. Guidelines.
10.   According to Fed Court order in August 17, 2020, all Institutions suppose to
11. have a whole unit providing 100 Beds for isolation in case of an outbreak. Here
12. They fail to have that, or They fail To use it.
13.
14.   In Addition, I want to held liable The Warden, or Captain that Could have
15. been the ones who gave the order for no officers to follow the guideline Rules
16. That would have prevented the spread. These is because High level officials who
17. give such Type of orders can be liable even if They are not directly involved in
18. enforcing them against me. see (Hearn v. Morris 526 F.Supp 267, 268 n.3 (S.
19. D. Cal) ("Warden who promulgated or acquiesced in unlawful correspondence rule
20. could be held liable"). (Hill v. Koun 732 F.Supp 1076, 1084 (D. Nev 1990) ("Assoc.
21. Warden was liable for ordering unlawful searches"). A policy need not be formal
22. or written to Serve as the basis for liability. "Tacit authorization" may be suff-
23. icient, see (Leach v. Shelby County Sheriff 891 F.2d 1241, 1246 (6th Cir 1989) ("Ho-
24. lding that a sherrif who "implicitly authorized, approved or knowingly acquie-
25. sced" in his subordinates' actions could be held liable"). And Failure to Take
26. remedial action may also be evidence of a policy, see (Gomez v. Vernon
27. 255 F.3d 1118 1127 (9th Cir 2001) ("The Departments Failure To Investigate or
28. Correct Constitutional Violations Supports The Dist. Courts Findings That There

was a policy or custom that led to violation of the inmates rights"). Wardens and Supervisors can also be held liable if violations were the product of failure to train or supervise, see (Goka v. Bobbitt 862 F.2d 646, 651, (7th Cir 1988)("Supervisors could be held liable for knowing failure to enforce prison tool control policy.")

Prison staff can be held liable for known or obvious conditions in the area that they supervise, see (Spencer v. Bouchard 449 F.3d 721, 729 (6th Cir 2006)("Captain and Lieutenant could be held liable for failing to act to correct cold and wet conditions in area they supervised"); (Clark Murphy v. Foreback 439 F.3d 280, 289 (6th Cir 2006)("staff on housing unit where prisoner was locked in to his cell with water turned off during heat alert, and died of thirst, could be liable"). Here, from In house staff to Sergeant, Lieutenant, Captain can be held liable for the inactions they did in these Yard and Unit during the 30 days of December, see (Alexander v. Perrill 916 F.2d 1392, 1395 (9th Cir 1990)("Prison Officials can't just sit on your duff and not do anything to prevent violation of Rights"); (Lewis v. Mitchell 416 F.Supp 2d 935, 945 (S.D. Cal. 2005)(A person may be liable if he "omits to perform an act which he is legally required to do that causes the deprivation of which [the Plaintiff complaint]." (quoting Johnson v. Duffy 588 F.2d 740, 743 (9th Cir 1978)

10

D. **Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

(d) Issues raised: _____

(e) Approximate date case was filed: _____

(f) Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, etc.] ? ☐ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not exhausted.

_____
_____
_____
_____
_____
_____
_____

§ 1983 SD Form
(Rev. 8/15)

11

E. **Request for Relief**

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s):

I dont want any Type of Retaliation

    2. Damages in the sum of $ _____.
    3. Punitive damages in the sum of $ 160,000.
    4. Other: $ 250,000

F. **Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

G. **Consent to Magistrate Judge Jurisdiction**

    In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

OCT-10-2021
Date

_Signature of Plaintiff_

§ 1983 SD Form (Rev. 8/15)

12

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

U.S. District Court
Southern District of California
Received

NOV 1 2 2021

Pages: 19
Time: 9:45
Initials: BTL

## NOTICE OF DOCUMENT DISCREPANCY
## PER GENERAL ORDER NO. 653A

TO: U.S. DISTRICT JUDGE Cathy Ann Bencivengo

| FROM: J. Simmons, Deputy Clerk | RECEIVED DATE: October 13, 2021 |
|---|---|
| CASE NO. 21-cv-01767-CAB-BGS | DOC FILED BY: Benjamin Flourney |
| CASE TITLE: Flourney v. Does 1-15 et al | |
| DOCUMENT ENTITLED: Complaint | |

Upon the submission of the attached document(s), the following discrepancies are noted:

**General Order 653A: Rules of Procedure for the Electronic Submission of Litigation for Plaintiffs Incarcerated at Certain Identified CDCR Facilities**

Initial case filings (42 U.S.C. § 1983 Complaint, Motion to Proceed In Forma Pauperis, etc.) received by U.S. Mail and not properly e-filed in accordance with S.D. Cal. General Order 653A.;

Date Forwarded: October 14, 2021

## ORDER OF THE DISTRICT JUDGE

**IT IS HEREBY ORDERED:**

| | |
|---|---|
| ☐ | The Clerk is DIRECTED to ACCEPT the non-conforming documents for filing in CM/ECF. The case is submitted for screening pursuant to 28 U.S.C. § 1915(e)(2) and/or § 1915A. |
| ☒ | The Clerk is DIRECTED to STRIKE the non-conforming documents from the record, return the originals to Plaintiff, and to terminate this civil action without prejudice. To re-open the case, Plaintiff must re-submit the Complaint and all other initial case filings by e-filing them in accordance with S.D. Cal. General Order 653A within [45] days. Plaintiff must include Civil Case No. 21cv1767-CAB-BGS on the first page of all documents re-submitted for e-filing. |

Further failure to comply with S.D. Cal. General Order 653A may lead to penalties pursuant to Civil Local Rule 83.1.

Date: October 14, 2021       CHAMBERS OF: The Honorable Cathy Ann Bencivengo

cc: All Parties              By: LC1

1983PSLC,GO653

# U.S. District Court
## Southern District of California (San Diego)
### CIVIL DOCKET FOR CASE #: 3:21-cv-01767-CAB-BGS

| | |
|---|---|
| Flourney v. Does 1-15 et al | Date Filed: 10/13/2021 |
| Assigned to: Judge Cathy Ann Bencivengo | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Bernard G. Skomal | Nature of Suit: 550 Prisoner: Civil Rights |
| Cause: 42:1983pr Prisoner Civil Rights | Jurisdiction: Federal Question |

| | |
|---|---|
| Early Neutral Evaluation Conference: | Settlement Conference: |
| Case Management Conference: | Settlement Disposition Conference: |
| Status Hearing: | Pretrial Conference: |
| Status Conference: | Final Pretrial Conference: |
| Mandatory Settlement Conference: | Trial Date: |

**Plaintiff**

**Benjamin Flourney**  represented by  **Benjamin Flourney**
F-25814
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179
PRO SE

V.

**Defendant**

**Does 1-15**

**Defendant**

**Captain**
*Captain*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/2021 | 4 | Notice of Document Discrepancies and Order Thereon by Judge Cathy Ann Bencivengo Rejecting Complaint,, from Plaintiff Benjamin Flourney. Non-compliance with local rule(s), Initial case filings (42 U.S.C. § 1983 Complaint, Motion to Proceed In Forma Pauperis, etc.) received by U.S. Mail and not properly e-filed in accordance with S.D. Cal. General Order 653A. IT IS HEREBY ORDERED: The document is rejected. It is ordered that the Clerk STRIKE the document from the record, and serve a copy of this order on all parties, Original Document was returned to the filer. To re-open the case,Plaintiff must re-submit the Complaint and all other initial case filings by e-filing them inaccordance with S.D. Cal. General Order 653A within 45 days. Plaintiff must include CivilCase No. 21cv1767-CAB-BGS on the first page of all documents re-submitted for e-filing.. Signed by Judge Cathy Ann Bencivengo on |

|            |   |                                                                                                                                                                                                                                                                                                                                       |
|------------|---|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |   | 10/14/2021. (Attachments: # 1 Rejected Complaint)(All non-registered users served via U.S. Mail Service)(jms) (Entered: 10/15/2021)                                                                                                                                                                                                   |
| 10/14/2021 | 3 | Docketed in Error (Entered: 10/14/2021)                                                                                                                                                                                                                                                                                               |
| 10/13/2021 | 2 | MOTION for Leave to Proceed in forma pauperis by Benjamin Flourney. (jms) (Entered: 10/14/2021)                                                                                                                                                                                                                                       |
| 10/13/2021 | 1 | COMPLAINT with Jury Demand against Captain, Does 1-15, filed by Benjamin Flourney.($402 Filing Fee, Fee Not Paid, IFP Filed) (Attachments: # 1 Civil Cover Sheet, # 2 CDCR Cover Sheet)<br><br>The new case number is 3:21-cv-1767-CAB-BGS. Judge Cathy Ann Bencivengo and Magistrate Judge Bernard G. Skomal are assigned to the case.[*Case in Screening per 28 USC 1915*] (jms) (Entered: 10/14/2021) |