UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BENJAMIN FLOURNEY,
CDCR #F-25814,

Plaintiff,

vs.

DOES 1–15;
CAPTAIN,

Defendants.

Case No.: 3:21-cv-01767-CAB-BGS

**ORDER:**

**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**

**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)**

Plaintiff Benjamin Flourney, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this case pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claims a group of unidentified RJD officials violated his Eighth Amendment rights by failing to prevent him from contracting COVID-19 on December 11, 2020. *See* ECF No. 7 ("Compl.") at 5–7. Plaintiff seeks injunctive relief preventing "any type of retaliation" as well as $350,000 in compensatory and punitive damages. *Id.* at 12. Plaintiff has not prepaid the $402 civil filing 28 U.S.C. § 1914(a) requires to commence a civil action, but instead has filed a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to pursue a case without payment of the filing fee. Whether an affiant has satisfied § 1915(a) falls within "the reviewing court['s] . . . sound discretion." *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* And while "a prisoner's financial needs are not the same as those of a non-prisoner," and one "without funds [may] not be denied access to a federal court based on his poverty," *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(4)), "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D. R.I. 1984); *see also Frost v. Child and Family Services of San Bernardino Cnty & San Bernardino Juvenile Court*, No. 3:20-CV-2402-JLS-BLM, 2021 WL 1195834, at *1 (S.D. Cal. Mar. 30, 2021).

/ / /

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Before the enactment of the Prison Litigation Reform Act ("PLRA") in 1996, "indigent prisoners, like other indigent persons, could file a civil action without paying any filing fee." *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016) (citing 28 U.S.C. § 1915(a)(1)). The PLRA however, "placed several limitations on prisoner litigation in federal courts." *Id.* at 84. While his civil action or appeal may proceed upon submission of an affidavit that demonstrates an "unab[ility] to pay such fees or give security therefor," 28 U.S.C. § 1915(a); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999), a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce* 577 U.S. at 84, 85; *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor*, 281 F.3d at 847. Thus, section 1915(a)(2) requires prisoners to submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, "the district court must make a series of factual findings regarding the prisoner's assets." *Taylor*, 281 F.3d at 847 n.2.

In support of his IFP Motion, Plaintiff has submitted two prison certificates authorized by a RJD accounting official, as well as a copies of his CDCR Inmate Statement Report for the months of April 2021 through October 2021. *See* ECF Nos. 5, 6 at 1, 3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. But these documents do *not* demonstrate he is "unable to pay" the $402 civil filing fee. *See* 28 U.S.C. § 1915(a). Instead, Plaintiff's submissions show he had $3,200 deposited to his trust account and carried an average monthly balance of $1,561.38 over the 6-months prior to suit. Plaintiff further had an available balance of $423.88 to his credit at the time of filing. *See* ECF Nos. 5, 6 at 1; *cf. Roberts v. Hensley*, No. 3:15-CV-1871-LAB (BLM), 2019 WL 2618124, at *2 (S.D. Cal. June 25, 2019) (finding prisoner was "clearly indigent" where "[h]e ha[d] no funds in any of his accounts and thus would be unable to

pay any costs assessed to him."). Thus, because the Court finds Plaintiff's affidavit in support of his request does not demonstrate he is unable pay the full $402 civil filing fee required to commence a civil action, his Motion to Proceed IFP (ECF No. 2) is **DENIED**.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915A

### A. Standard of Review

The Court must also conduct an initial review under 28 U.S.C. § 1915A, which "mandates early review - 'before docketing [ ] or [ ] as soon as practicable after docketing' - for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). "'On review, the court shall . . . dismiss the complaint, or any portion of the complaint,' if it '(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.'" *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

Screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "The Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[D]etailed factual allegations" are not required, but there must be more than "labels and conclusions" or "a formalistic recitation of the elements of a cause of action," because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678.

"Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Iqbal*, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

B. Plaintiff's Allegations

In his Complaint, which names only "Does 1–15" and an unidentified Captain who works on the yard where Plaintiff is housed as Defendants, Plaintiff alleges broadly and generally that between October and December 2020 "prison staff" and "prison officials" at RJD failed to comply with mask mandates, ensure proper social distancing, sanitize doorknobs, telephones, and sink handles, and to separate inmates infected with COVID-19 from others who were uninfected. *See* Compl. at 1–2, 5–6. Due to these failures, Plaintiff seeks to hold "all officers who work[ed] in the month of December liable for [his] contracting the COVID-19 virus on 12-11-20" in violation of his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* at 5–7.

C. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

D. Doe Pleading & Individual Liability

The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, but Rule 10 does require a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a). Courts especially disfavor Doe pleading in an IFP case because in the event the plaintiff's complaint alleges a plausible claim for relief, it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C.

§ 1915(d); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant.").

"A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Cuda v. Employees/Contractors/Agents at or OCCC*, 2019 WL 2062945, at *3–4 (D. Haw. May 9, 2019). A plaintiff may also seek discovery to obtain the names of the Does and later amend his pleading in order to substitute the true names of those defendants, unless it is clear that discovery will not uncover their identities, *or that his complaint is subject to dismissal on other grounds*. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (emphasis added) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). While "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, [] it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

Here, Plaintiff claims only that an unidentified Captain and "all officers who work[ed] in the month of December" violated his Eighth Amendment rights by failing to sufficiently enforce COVID-19 guidelines established to prevent the spread of infection throughout the prison and within his housing unit. *See* Compl. at 5–10. But his Complaint requires *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b) because he makes no specific allegations against any individual Defendant. Simply put, Plaintiff fails to link any particular constitutional violation to any specific, individual state actor, and he fails to even minimally explain how each individual party he seeks to sue personally caused a violation of his constitutional rights. *See Iqbal*, 556 U.S. at 677. "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in

the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). As it stands, Plaintiff's Complaint fails to plead [the] factual content that [would] allow[] the court to draw the reasonable inference that [any] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Pursuant to § 1983, Plaintiff must, at minimum, allege some factual content to describe how each individual person he seeks to sue violated the Constitution. *Id.* at 676-77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). He may not attribute liability to a group of unidentified "prison officials" or "prison staff" as he has, *see* Compl. at 5, but must instead "set forth specific facts" as to each individual defendant's wrongdoing. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be based on a theory of respondeat superior, as each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 676-77; *Ewing*, 588 F.3d at 1235. Therefore, to the extent Plaintiff seeks to hold a "Sergeant, Lieutenant, Captain [and] Warden at fault" merely because they "d[id] nothing to fix the problem," *see* Compl. at 6, he also fails to state a claim upon which § 1983 relief can be granted. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1074–75 (9th Cir. 2013).

For these reasons alone, Plaintiff's Complaint must be dismissed *sua sponte* for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). *See Wilhelm*, 680 F.3d at 1121.

E. Eighth Amendment Violation

Even if Plaintiff had alleged individual liability on the part of any RJD official, his Complaint further fails to allege facts sufficient to plausibly show the subjective deliberate indifference required to sustain an Eighth Amendment violation.

To be held personally liable for Plaintiff's injuries under the Eighth Amendment, each Defendant Plaintiff seeks to sue must be specifically alleged to have acted with deliberate indifference. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Iqbal*, 556 U.S. at 678. "A prison official acts with 'deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d at 1076. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, even "[p]rison official[s] who actually kn[o]w of a substantial risk to inmate health or safety may be found free from liability if they respond[] reasonably to the risk, even if the harm ultimately [i]s not averted." *Farmer*, 511 U.S. at 844.

The Court acknowledges COVID-19 poses a substantial risk of serious harm. *See Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). However, in order to plead a viable Eighth Amendment claim, Plaintiff must offer more than conclusory statements that more than a dozen prison officials and supervisory staff did not do enough to control the spread of the disease within his housing unit. *See Iqbal*, 556 U.S. at 678. In situations where the challenged "conduct is harmful enough to satisfy the objective component of an Eighth Amendment claim, whether it can be characterized as 'wanton' depends upon the constraints facing *the official*." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (citations omitted) (emphasis original). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," prisoners alleging cruel and unusual punishment must plead some factual content to plausibly suggest each defendant acted with a "sufficiently culpable state of mind." *Id.* at 297 (internal quotation marks, emphasis and citations omitted); *see also Booth v. Newsom*, No. 2:20-cv-1562 AC

P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020) (sua sponte dismissing Eighth Amendment claims against the Governor for "failing to provide adequate means for prisoners to reduce their exposure to COVID-19"); *see also Blackwell v. Covello*, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of COVID-19 in the prison).

Here, Plaintiff contends he is 60 years old and suffers from high blood pressure. *See* Compl. at 8, n.1. However, his Complaint is devoid of further facts which plausibly suggest any individual Defendant was personally aware of these vulnerabilities, or that any of them deliberately exposed him to the virus knowing it would pose a substantial risk of serious harm to him. *See Farmer*, 511 U.S. at 838 ("[An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."). While Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,'" it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). As currently pleaded, nothing in Plaintiff's Complaint plausibly suggests any individual Defendant "through his own individual actions, . . . violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim); *see also Benitez v. Sierra Conservation Ctr., Warden*, No. 1:21-CV-00370-BAM PC, 2021 WL 4077960, at *6 (E.D. Cal. Sept. 8, 2021) ("In order to state a cognizable Eighth Amendment claim against the warden and the Health Executive Officer, Plaintiff must provide more than generalized allegations that the warden and the Health Executive Officer have not done enough regarding control the spread [of COVID-19]."), *report and recommendation adopted*, 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021).

/ / /

Therefore, even if Plaintiff had properly alleged facts sufficient to establish personal liability on behalf of any individual Defendant, *see Iqbal*, 556 U.S. at 678, his Complaint nevertheless requires *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to plausibly assert a violation of the Eighth Amendment. *See Wilhelm*, 680 F.3d at 1121.

## III. CONCLUSION AND ORDER

For the reasons discussed, the Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) and **DISMISSES** his Complaint *sua sponte* for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1).

In order to proceed, Plaintiff must: 1) file an Amended Complaint that both identifies the Defendants he seeks to hold liable *by name* and addresses the other deficiencies of pleading identified in this Order; **and** 2) pay the full $402 civil filing fee on or before **March 28, 2022**. If he chooses this course, Plaintiff must ensure his check is submitted and made payable to the Clerk of the Court, U.S. District Court, Southern District of California, and include reference to Civil Case No. 3:21-cv-01767-CAB-BGS both on the check and in the caption of his Amended Complaint.

If Plaintiff does not file an Amended Complaint **and** pay the full $402 filing fee in one lump sum on or before **March 28, 2022**, the Court will enter a final Order of dismissal based on Plaintiff's failure to pay the filing fee required by 28 U.S.C. § 1914(a), to state a claim upon which § 1983 relief can be granted, and to comply with a Court Order requiring amendment.

**IT IS SO ORDERED**.

Dated: January 27, 2022

Hon. Cathy Ann Bencivengo
United States District Judge