1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  BENJAMIN FLOURNEY, | Case No.:  3:21-cv-01767-RBM-BGS |
| 12                    Plaintiff, | **ORDER DENYING PLAINTIFF'S** |
| 13  v. | **MOTION TO FILE SECOND AMENDED COMPLAINT**[1] |
| 14  FORMER CDCR SECRETARY DIAZ, ET AL., | |
| 15 | |
| 16                    Defendants. | **[ECF 34]** |

17

On September 27, 2022, after Plaintiff's proposed FAC was screened under 28
U.S.C. § 1915(e)(2), Plaintiff's Eighth Amendment claims against Defendants Diaz,
Miranda, Kilough, and Mosely were dismissed, and Plaintiff was ordered to serve
Defendants Pollard and Kies.  (ECF 17 at 5.)  Plaintiff has now filed a Motion for Leave
to File a SAC.[2]  (ECF 34.)  On July 18, 2023, in accordance with the Court's directive,

_____

[1] Plaintiff captions the filing as an "Amended 3rd Complaint."  (ECF 34 at 1.)  The filing
is actually a proposed Second Amended Complaint (SAC); Plaintiff filed a Complaint on
October 13, 2021 (ECF 1), and a First Amended Complaint (FAC) on June 30, 2022
(ECF 15).  Throughout this Order, Plaintiff's Motion (ECF 34) will be referred to as the
proposed SAC.
[2] A motion for leave to amend pleadings is a nondispositive matter that may be ruled on
by a magistrate judge under 28 U.S.C. § 636(b)(1).  *See Anderson v. Woodcreek Venture*

1

Defendants filed a response in opposition.  (ECF 37.)  For the following reasons, Plaintiff's motion is **DENIED**.

Plaintiff's proposed SAC seeks to "assert his claims against the State of California," including "the California State Prison at Richard J. Donovan, the Prison Warden M. Pollard," and several other prison personnel.  (ECF 34 at 4.)  The proposed SAC also includes allegations against Defendants Pollard and Kies that were alleged in Plaintiff's FAC.  (*Compare id.* at 6-7, *with* ECF 15 at 11-13).

In determining whether to allow a party to amended a pleading, a court considers whether the motion is made in bad faith, would cause undue delay, would prejudice the opposing party, and would be futile.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).  "'[T]he State and arms of the State . . . are not subject to suit under [42 U.S.C. § 1983] in either federal court or state court.'"  *Palmieri v. Super. Ct.*, No. 13cv0550 MMA (DHB), 2013 WL 2089867, *1 (S.D. Cal. May 14, 2013) (quoting *Howlett v. Rose*, 496 U.S. 356, 365 (1990)).  "The State of California . . . sued in [its] official capacity [is] entitled to absolute immunity from monetary damages actions under the Eleventh Amendment."  *Id.*  It cannot be sued for damages under section 1983.  *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63-64, 71 n. 10 (1989)).  The State of California is entitled to absolute immunity from monetary damages actions under the Eleventh Amendment.  *Id.* (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996)).

Because the State of California and arms of the State cannot be sued for damages under Section 1983, granting Plaintiff leave to file a SAC that asserts claims against the State of California and arms of the State would be futile.  *See Cahill*, 80 F.3d at 339. Furthermore, to the extent that Plaintiff seeks to assert additional claims against individual defendants, Defendants Pollard and Kies, the allegations in the proposed SAC are no different than allegations in Plaintiff's FAC.  Plaintiff's motion is, therefore, **DENIED**.

---

*Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003) (deeming a motion for leave to amend a complaint nondispositive).

**IT IS SO ORDERED.**

Dated:  August 3, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge

21-cv-01767-RBM-BGS