UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN FLOURNEY,<br><br>        Plaintiff,<br><br>v.<br><br>KIES, Correctional Officer,<br><br>        Defendants. | Case No.:  21-cv-01767-RBM-BGS<br>**ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA**<br><br>**[ECF No. 50]** |

  On December 29, 2023, Plaintiff filed a request for this Court to issue a subpoena to Defendant Kies for medical records regarding Kies' Covid-19 testing and vaccination. (ECF 50) The Defendant filed his response objecting to the issuance of the subpoena. (ECF 52)

  The Court's scheduling order had a deadline for fact discovery of July 14, 2023. (ECF 29) Plaintiff's request was filed December 29, 2023, some 6 months after the close of fact discovery. The Plaintiff has not moved for an extension of fact discovery, as is required by the Court's chamber rules. See Chamber Rule III.C.1-2 (All requests to amend the schedule should be made by filing a joint motion.) When the motion is made after time has expired, Fed.R.Civ.P. 6(b)(1)(B) requires the party seeking the extension to

1 establish excusable neglect. In that the Plaintiff has not moved for an extension of fact
2 discovery, his motion is denied on this basis.

Notwithstanding the above, Rule 45 of the Fed.R.Civ.P. permits a subpoena for a non-party. Here, Plaintiff seeks medical records from a party, Defendant Kies. The proper vehicle to seek this discovery is via a Rule 34 request for production of documents. Therefore, Plaintiff's motion is denied on this basis as well.

Even assuming arguendo that Plaintiff's request is proper, the subpoena is subject to the relevance requirements set forth in Rule 26(b) and may require the production of documents which are "nonprivileged" and "relevant to any party's claim or defense and proportional to the needs to the case." Fed. R. Civ. P. 26(b)(1). Williams v. Paramo, No. 12CV113-BTM (RBB), 2017 WL 5001286, at *4 (S.D. Cal. Nov. 2, 2017).

In the sole ground of the FAC, Plaintiff claims the Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment when they failed to protect him from contracting the Covid-19 virus. (ECF 17 at 4) The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners. *Farmer v. Brennan,* 511 U.S. 825, 832–33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Hearns v. Terhune,* 413 F.3d 1036, 1040 (9th Cir.2005). A prisoner seeking relief for an Eighth Amendment violation must show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. *Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir.2002).

Plaintiff claims Kies' medical records regarding his testing for Covid and his vaccinations are relevant to prove he did not take Covid pandemic seriously. The Defendant alleges that the information he seeks is not relevant to establish whether Kies' state of mind was one of deliberate indifference to his medical needs.

The Court finds that the requested medical records do not tend to prove Kies was deliberately indifferent to Plaintiff's serious medical needs. Whether or not Kies got vaccinated or tested for covid does not establish he did not take the pandemic seriously.

For all these reasons, Plaintiff's Motion for Issuance of Subpoena (ECF 50) is DENIED.

**IT IS SO ORDERED**.

Dated:  February 7, 2024

_____
Hon. Bernard G. Skomal
United States Magistrate Judge